LITTLE ROCK,
Jan'y 1838.

WEBB AND ESTILL, adm's, *against* HANGER AND WINSTON.

APPLICATION *for Mandamus to the Judge of Chicot County Court.*

WEBB
and
ESTILL,
adm'rs.
*vs.*
HANGER
and
WINSTON

The Circuit Courts have a superintending control over the County Courts in matters of allowance against estates, and power to issue to the County Courts writs of *supersedeas, certiorari, habeas corpus, mandamus,* and *quo warranto.*

The Supreme Court has the same power, and if the party aggrieved chooses to present his case at once to this Court, he is entitled to his writ.

A party applying for a *mandamus* must show that he has a legal right to it, and no other adequate specific legal remedy.

CUMMINS and PIKE, for the applicants.

FOWLER, *contra.*

RINGO, *Chief Justice,* delivered the opinion of the court: This is an application for a peremptory mandamus. From the petition filed and sworn to, and the record exhibited, it appears that at the January term, 1838, the County Court of Chicot proceeded to render judgment in favor of *Peter Hanger and John P. Winston* against *Albert W. Webb and James M. Estill, administrators of James Estill, deceased;* and the Judge of that court refused to the defendants an appeal to the Circuit Court. After the motion for a peremptory mandamus was made, the applicants asked and obtained leave for a rule *nisi* against the Judge of the County Court. The Judge of the County Court of Chicot appeared in person, and waived service and asked time to respond to the rule, which was granted him. Upon a subsequent day he appeared by counsel, and moved the court to set aside the rule; first, because the writ could not issue against him, as Judge of the County Court, in vacation: and secondly, because the Circuit Court had exclusive jurisdiction of the matter.

The only question for this court is, shall the rule be set aside or made absolute? Should this court deem it advisable to award a peremptory mandamus, it would not operate, as has been suggested, personally upon the Judge of the County Court in vacation, but would simply command him, at the first regular Chicot County Court, to grant to the applicants an appeal. We have no doubt that the Circuit Court has jurisdiction in the case, for the constitution expressly

P

LITTLE
ROCK,
Jan'y 1838.
~~~~~
WEBB
and
ESTILL,
adm'rs.
vs.
HANGER
and
WINSTON confers upon it a superintending control over the County Court, and over Justices of the Peace, and it gives to it authority to issue all necessary writs to carry into effect its general and specific powers. Such is the language of the grant, and the terms are too explicit and certain to admit of but one interpretation.   See *Article 6, section 5.* The act organizing the Circuit Courts and defining their jurisdiction, does not restrain or limit the grant of their creation, and if it did, such an act would be null and void; for it would be in express violation of the constitution.    Are the original and remedial writs specified in the instrument necessary to enable the Circuit Court to control the actions of the County Courts and Justices of the Peace.    Without their aid and assistance, it would be impossible for the Circuit Courts to regulate or govern the inferior tribunals, and if this is the case, they have express power to issue writs of *supersedeas, certiorari, habeas corpus, mandamus,* and *quo warranto.*   Admitting this to be the case, it does not necessarily follow that the Supreme Court has no jurisdiction in the matter.   The object and intention of the Convention was to confer upon both courts the power, and they have so expressly declared.

The Supreme Court, except in cases otherwise directed by the constitution, has appellate jurisdiction only; and that instrument has given it a general superintending control over all inferior courts and other courts of law and equity.   It certainly requires neither argument nor authority to show that the County Court is a court of inferior jurisdiction.   Then the Supreme Court has power to control and regulate its proceedings in the cases enumerated in the constitution, and as there is an express clause conferring upon it the power to issue *writs of error* and *supersedeas, certiorari, habeas corpus, mandamus, quo warranto,* and other remedial writs, to hear and determine the same, they must have jurisdiction of the case now before them. The terms of the constitution are so clear and explicit that the proposition becomes self-evident the moment it is stated: *Article 6, sec. 2.* Both the Supreme Court and the Circuit Courts have the power to issue the writ, and they both have concurrent jurisdiction over it. In general we would deem it more appropriate and regular for the application to be first made to the Circuit Court; but should the party aggrieved prefer this tribunal, and present his case before us, it becomes our duty to award him the writ, if he is legally entitled to it.    At common law, a *mandamus* was a prerogative, and could only issue

out of the King's Bench.    But under our form of government, it is a constitutional writ, and may either issue from the Supreme Court or the Circuit Court.    In both countries, the party applying for it must show that he has a legal right to it, and no other adequate specific legal remedy: and it is now universally issued to enforce the performance of public rights or duties.    3d *Black. Com.* 100; 3d *Burr's Rep.* 1226.

LITTLE ROCK, Jan'y 1838.

WEBB and ESTILL, adm'rs, *vs.* HANGER and WINSTON

In the case now under consideration, have the applicants showed that they are entitled to the benefit of the writ.    By the express provision of the statute, regulating the proceedings of the County Court, a party defendant has an absolute and unconditional right of appeal.    See *Digest*, 157, secs. 1 and 7.    An appeal in this instance was refused to the administrators, in express violation, not only of the statute, but of every principle of legal right.    They were entitled to it, whether the judgment was formal or informal, or whether valid or illegal, and it was the duty of the Judge of the County Court to have granted it without requiring any condition or limitation.    To deny to any party a general or absolute right, or seek to encumber it with conditions, where the law annexes none, is to destroy the right and take from him all remedy or redress for the injury sustained.    This has unquestionably been done in the present case; and as the Judge of the County Court of Chicot has failed to show any cause why a peremptory mandamus should not issue against him, this court is bound to award the writ, agreeably to the prayer of the petitioners.

And the same opinion was also given in the following cases, to wit: WEBB & ESTILL, administrators, *against* BAILEY;    same *vs.* Mathis;    same *vs.* Ware & Miller;    same *vs.* Maulding, adm'r, &c.;    same *vs.* Mathis;    same *vs.* Johnson;    same *vs.* Wesley and Henry Roberts;    same *vs.* Stewart;    same *vs.* Brookie & Brungard;    same *vs.* Adair & Brungard;    same *vs.* Ford et. als.;    same *vs.* same;    same *vs.* Mathis;    same *vs.* Woodruff;    same *vs.* Goodloe;    same *vs.* Davis;    same *vs.* Herring, assignee, &c.